**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| BEARD INTEGRATED SYSTEMS, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>SAMSUNG AUSTIN SEMICONDUCTOR, LLC,<br><br>*Defendant*. | Case No. 1:24-cv-814 |

**NOTICE OF REMOVAL**

Defendant Samsung Austin Semiconductor, LLC ("Samsung" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby files its Notice of Removal of civil action to the United States District Court for the Western District of Texas, Austin Division from the 250th District Court of Travis County, Texas, and respectfully states:

1. Plaintiff Beard Integrated Systems, Inc. ("Plaintiff") commenced this action by filing an Original Petition in the 250th District Court of Travis County, Texas, Cause No. D-1-GN-24-000122, styled *Beard Integrated Systems, Inc. v. Samsung Austin Semiconductor, LLC* (the "State Court Action"). The State Court Action seeks damages, equitable relief, and judicial foreclosure related to alleged breaches of contract and the Texas Prompt Pay Act. Samsung is the only named Defendant in the State Court Action.

2. Samsung was served with the Original Petition on June 26, 2024.

3. This Notice of Removal is filed timely. *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (30-day deadline to file is triggered by formal service).

4. Appendix A includes a copy of all process, pleadings, and orders served on Samsung in the State Court Action, as required by 28 U.S.C. § 1446(a).

5. Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and based on diversity of citizenship this Notice of Removal is being timely filed within 30 days of Samsung being served with the Citation and Original Petition.

6. Venue is proper in the Western District of Texas, as the District Court in which the State Court Action is pending is within the jurisdictional confines of the Western District of Texas Austin Division. *See* 28 U.S.C. § 1446(a).

7. In filing this Notice of Removal, Samsung does not waive any defenses. No admission of fact, law, or liability is intended by this Notice of Removal.

**DIVERSITY OF CITIZENSHIP**

8. Plaintiff alleged in its Original Petition that it is a corporation organized under the laws of the State of Texas with its principal place of business in Texas. Thus, for purposes of diversity, Plaintiff is a citizen of Texas.

9. Samsung Austin Semiconductor, LLC is a Delaware limited liability company. Its sole member is Samsung Semiconductor, Inc., a California corporation with its principal place of business in California. Thus, for purposes of diversity, Samsung is considered a citizen of California. *See, e.g.*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) ("[L]ike limited partnerships and other unincorporated associations or entities, the citizenship of an LLC is determined by the citizenship of all of its members.").

10. Thus, complete diversity of citizenship exists because Samsung is a citizen of California, and Plaintiff is a citizen of Texas.

## AMOUNT IN CONTROVERSY

11. In its Original Petition, Plaintiff asserts that it is seeking actual damages, along with pre- and post-judgment interest, reasonable and necessary attorney's fees, costs of court, and such other and further relief to which Plaintiff may show itself justly entitled. *See* Original Petition at 10.

12. Plaintiff specifically states that "Beard has been damaged in the amount […] totaling $8,133,126.63[1]." *Id.* at 6 ¶ 14.

13. Plaintiff includes in its original petition the following summary amounts allegedly owed to Plaintiff by Samsung:

| 72K Mechanical | | |
|---|---|---|
| Time & Material Cost | $ | 13,935,188.12 |
| Paid by Samsung | $ | (10,978,013.26) |
| **Total Owed (T&M)** | **$** | **2,957,174.86** |

| 72K Electrical | | |
|---|---|---|
| Time & Material Cost | $ | 10,133,469.61 |
| Paid by Samsung | $ | (7,364,383.61) |
| **Total Owed (T&M)** | **$** | **2,769,086.00** |

| | | |
|---|---|---|
| Total Owed (T&M) | $ | 5,726,260.86 |
| 10% Profit to Beard | $ | 2,406,865.77 |
| **Total Owed to Beard** | **$** | **8,133,126.63** |

*Id.* at 6 ¶ 13.

[1] Plaintiff also references this $8,133,126.63 of damages in Count I (Quantum Meruit), Count II (Breach of Contract), Count III (Breach of Texas Prompt Pay Act - Tex. Prop. Code §§ 28.001 - 28.010), and Count IV (Judicial Foreclosure). *See id.* at 6-9.

14. With respect to determining the amount in controversy, courts have determined that "[i]f the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th. Cir. 2022) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

15. Although Samsung denies any liability to Plaintiff, it is apparent that based on the claims asserted in this case and the relief sought by Plaintiff that the amount in controversy exceeds the statutory sum or value of $75,000.00, exclusive of interest and costs. *See, e.g.*, *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (defendant's notice of removal must state only a "plausible allegation" that the amount in controversy exceeds jurisdictional limits).

**CONCLUSION**

16. This is a civil action between citizens of different states, with complete diversity, where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, of which the United States District Courts have original jurisdiction, pursuant to 28 U.S.C. § 1332. Accordingly, this entire action may be removed to this Court pursuant to 28 U.S.C. § 1441.

17. Upon the filing of this Notice of Removal, Samsung shall promptly give written notice of this removal to Plaintiff's attorney and shall file a copy of this Notice of Removal with the Clerk of the 250th District Court of Travis County, Texas, pursuant to 28 U.S.C. § 1446(d).

**ACCORDINGLY**, Samsung respectfully requests that the State Court Action pending in the 250th District Court of Travis County, Texas be removed therefrom in its entirety to this Court, as provided by law, and pursuant to 28 U.S.C. § 1446(d), that the action in the 250th District Court of Travis County, Texas proceed no further unless and until this case is remanded.

Dated: July 22, 2024

Respectfully submitted,

*/s/ Brett D. Solberg*
Brett D. Solberg
Texas Bar No. 24070651
Justin Ilhwan Park
(*pro hac vice application forthcoming*)
**DLA PIPER LLP (US)**
303 Colorado Street, Suite 3000
Austin, TX 78701
T: (713) 425-8482
F: (713) 425 8401
brett.solberg@us.dlapiper.com
justin.park@us.dlapiper.com

***Attorneys for Defendant Samsung Austin Semiconductor, LLC***

**CERTIFICATE OF SERVICE**

I certify that a copy of the forgoing was served by First Class Mail and email on counsel of record this July 22, 2024, to:

Richard A. Illmer
State Bar No. 10388350
rick.illmer@huschblackwell.com
Jameson Watts
State Bar No. 24079552
jameson.watts@huschblackwell.com
Husch Blackwell LLP
1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201

*Attorneys for Plaintiff*

*/s/ Brett D. Solberg*
Brett D. Solberg