UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BEARD INTEGRATED SYSTEMS, INC., | § | |
| | § | |
| *Plaintiff/Counter-Defendant,* | § | |
| | § | |
| v. | § | Case No. 1:24-CV-814-DII |
| | § | |
| SAMSUNG AUSTIN SEMICONDUCTOR, LLC, | § | |
| | § | |
| | § | |
| *Defendant/Counter-Plaintiff.* | § | |

**PLAINTIFF/COUNTER-DEFENDANT'S BEARD INTEGRATED SYSTEMS, INC.'S ANSWER TO DEFENDANT/COUNTER-PLAINTIFF SAMSUNG AUSTIN SEMICONDUCTOR LLC'S COUNTERCLAIM**

Comes now, Plaintiff/Counter-Defendant, Beard Integrated Systems, Inc. ("Beard") and files this its original Answer to Defendant/Counter-Plaintiff Samsung Austin Semiconductor, LLC ("Samsung")'s Counterclaim and respectfully shows this Court the following:

1. Answering Paragraph 51 of the Counterclaim, Beard denies that the parties entered into a contract. Beard admits that it provided certain demolition and installation services to replace certain semiconductor manufacturing equipment at Samsung's Austin facility. Beard admits that demolition services were paid on a time and materials basis. Beard denies that installation services were to be paid on a unit rate basis because material terms of a unit rate contract were never agreed to. Beard admits receiving some payments for installation that were computed on a unit rate basis but denies the remaining allegations of this paragraph.

2. Answering Paragraph 52 of the Counterclaim, Beard admits that Samsung is a Delaware limited liability company. Beard lacks sufficient information to admit or deny that Samsung's sole member is Samsung Semiconductor, Inc, a California corporation with its

principal place of business in California, so such allegation is denied.

3. Answering Paragraph 53 of the Counterclaim, Beard admits the allegations in contained therein.

4. Answering Paragraph 54 of the Counterclaim, assuming the allegations in paragraph 52 are true, Beard admits the Court has jurisdiction over the Counterclaim..

5. Answering Paragraph 55 of the Counterclaim, Beard admits that venue is proper in this Court.

6. Answering Paragraph 56 of the Counterclaim, Beard admits the allegations contained therein.

7. Answering Paragraph 57 of the Counterclaim, Beard admits that in later 2020 and into 2021, Samsung solicited bids from Beard and other construction contractors to provide various services in relation to the replacement of equipment utilized in the manufacturing process of semiconductors at Samsung's facility located at 12100 Samsung Boulevard, Austin, TX 78754 (the "Project"). Beard is without knowledge sufficient to form a belief about the number of other contractors from whom bids were solicited. Beard admits that there were negotiations with Samsung but denies that all of the material terms were agreed to so that there could be offer and acceptance for the creation of a contract. Beard admits that it was engaged to provide demolition and installation services in relation to the Project (the "Work"). Beard lacks sufficient information to admit or deny whether Samsung engaged many other contractors, so that allegation is denied.

8. Answering Paragraph 58 of the Counterclaim, Beard admits that Samsung agreed to pay for demolition services on a time-and-materials basis. Beard denies the remaining allegations contained in Paragraph 58.

9. Answering Paragraph 59 of the Counterclaim, Beard denies the allegations contained therein.

10. Answering Paragraph 60 of the Counterclaim, Beard denies the allegations contained therein.

11. Answering Paragraph 61 of the Counterclaim, Beard incorporates and re-asserts its previous responses to the paragraphs above.

12. Answering Paragraph 62 of the Counterclaim, Beard denies the allegations contained therein.

13. Answering Paragraph 63 of the Counterclaim, Beard admits that it received partial payment for the work it performed. Beard denies the remaining allegations contained therein.

14. Answering Paragraph 64 of the Counterclaim, Beard denies the allegations contained therein.

15. Answering Paragraph 65 of the Counterclaim, Beard denies the allegations contained therein.

16. Answering Paragraph 66 of the Counterclaim, Beard incorporates and re-asserts its previous responses to the paragraphs above.

17. Answering Paragraph 67 of the Counterclaim, Beard denies the allegations contained therein.

18. Answering Paragraph 68 of the Counterclaim, Beard denies the allegations contained therein.

19. Answering Paragraph 69 of the Counterclaim, Beard denies the allegations contained therein.

20. Answering Paragraph 70 of the Counterclaim, Beard denies the allegations

contained therein.

21. Answering Paragraph 71 of the Counterclaim, Beard denies the allegations contained therein.

22. Answering Paragraph 72 of the Counterclaim, Beard denies the allegations contained therein.

23. Answering the unnumbered paragraph, requesting a jury trial, Beard agrees to the request for a jury trial.

24. Answering the unnumbered Prayer for Relief, Beard denies that Samsung is entitled to any of the relief it has requested.

## Affirmative Defenses

25. The alleged Agreement on which Samsung bases its counterclaim is barred by the Statute of Frauds.

26. Samsung's counterclaim is barred by Samsung's prior material breaches of the alleged Agreement.

27. Samsung's counterclaim is barred by the doctrine of changed circumstances.

28. Samsung's counterclaim is barred by unclean hands.

29. Samsung's counterclaim is barred by the doctrine of frustration of purpose.

30. Samsung failed to mitigate its alleged damages.

31. Samsung's counterclaim is barred by unjust enrichment.

32. Samsung's counterclaim is barred by waiver.

33. Samsung's counterclaim is barred by estoppel.

34. Samsung's counterclaim is barred by novation.

35. Samsung's counterclaim is barred by fraud. As circumstances changed from what

the parties initially discussed, Samsung induced Beard to continue providing services with the promise that it would pay Beard a reasonable fee for its services under the changed circumstances. By way of example only, on or about January 21, 2023, Samsung instructed Beard to "keep moving while we figure out the math." On July 1, 2023, Samsung communicated to Beard, that it valued Beard's ability to adapt to a changed and very aggressive ramp up and that "every effort will be made to account for this" and to "ensure [an] equitable increase" is made in the amount to pay Beard. Apparently, Samsung never had any intention to pay Beard a reasonable fee under the changed circumstances. Rather, Samsung intended to take advantage of Beard to extract work for which it never intended to pay a reasonable fee. Samsung's misrepresentations to Beard were material misrepresentation of fact intended to be relied upon by Beard and they were relied upon by Beard to its detriment.

36. Beard is entitled to an offset against Samsung's alleged damages, if any, for the amount due and owing to Beard for the reasonable value of the services it rendered to Samsung.

37. Beard reserves the right to amend and assert additional affirmative defenses as necessary.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Beard respectfully prays that Samsung take nothing by its Counterclaim and that Beard have judgment against Samsung for Beard's actual damages, including attorneys' fees and costs incurred in this matter, together with such other and further relief, at law or in equity, to which Beard may show itself to be justly entitled.

Respectfully submitted,

**HUSCH BLACKWELL LLP**

By: */s/ Richard A. Illmer*
Richard A. Illmer
State Bar No. 10388350
rick.illmer@huschblackwell.com
Jameson Watts
State Bar No. 24079552
jameson.watts@huschblackwell.com

1900 N. Pearl Street, Suite 1800
Dallas, Texas 75201
(214) 999-6100
(214) 999-6170 *facsimile*

***Attorneys for Plaintiff /Counter-Defendant Beard Integrated Systems, Inc.***

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served by ECF on counsel of record on September 5, 2024, to:

Brett D. Solberg
Texas Bar No. 24070651
Justin Ilhwan Park
(application for pro hac vice forthcoming)
303 Colorado Street, Suite 3000
Austin, TX 78701
T: (713) 425-8482
F: (713) 425 8401
brett.solberg@us.dlapiper.com
justin.park@us.dlapiper.com

*/s/ Richard A. Illmer*
Richard A. Illmer